**SCAGGS v TRANSPORT WORKERS UNION OF AMERICA, etc., et**

Ohio Appeals, 9th Dist, Summit Co.

No. 3146. Decided May 9, 1939.

Brouse, McDowell, May & Bierce, Akron, for appellee Scaggs.

Stanley Denlinger, Akron, for appellants.

R. H. Nesbitt, Akron, for appellee, Akron Transportation Co.

## OPINION

PER CURIAM:

This action was instituted in the Court of Common Pleas of Summit County, Ohio, by the plaintiff, Scaggs, upon behalf of himself and four other persons similarly situated, all of whom were formerly employees of the Akron Transportation Co. Each of such persons had served said company for a long period of time, and had thereby acquired valuable seniority rights under the rules then in existence governing said rights.

In April and May of 1937, a strike of the employees of the Akron Transportation Co. occurred, and in the settlement of the strike a contract was entered into by the Akron Transportation Co. and the Transport Workers' Union of America which contained the following provision:

"Sec. 28. In case the Union suspends a member who is an employee of the Company for any violation of the laws or rules of the Union, it shall request his suspension from duty, and the Company upon receipt of such request shall suspend said employee at once without pay until such time as the Union shall request his reinstatement.

"The Company agrees that all employees of the Company who are eligible to membership in the Union should become and remain members in good standing in the Union and it agrees in every manner to cooperate with the Union in acquiring and maintaining such membership."

"Sec. 1. The Company recognizes the Union and agrees to treat with it as hereinafter provided on behalf of all the employees of the Company who now are or who may hereafter become members of the Union."

Plaintiff and those for whom he sues were suspended from the employment of said company at the request of the officers of the Transport Workers Union of America for the reason that said employees had been suspended from the union or were not members thereof. The Akron Transportation Co. has a virtual monopoly of the transportation business in this community. both transportation by busses and street car, and by reason of the execution of said contract and the suspension of the plaintiff and those for whom he sues, under the terms of said contract, the plaintiff and those for whom he has inaugurated this action have been deprived of their employment as bus and street car operators in the business of the Akron Transportation Co., and thereby have been deprived not only of their

seniority rights, but also of their means of earning a livelihood in the community in which they lived.

At the conclusion of the hearing in the trial court, a decree in favor of the plaintiff was entered, and appeal upon questions of law and fact brings the case before this court.

The 1937 contract entered into between the transportation company and the union expired, by its terms, on May 1, 1938, but prior thereto, in an action in the Court of Common Pleas of Summit County, captioned Horace C. Gray v Transport Workers Union of America, et, No. 121609, that court had held said 1937 contract to be null and void because the same was against public policy, in that it contained a closed snop provision in an industry which had a monopoly in the community. No appeal from the finding of the court in that case was taken, and that judgment remains wholly unreversed.

Thereafter, on or about April 1, 1938, a new contract for the period of one year was entered into between said parties, which contract contained the following provision with reference to a closed shop:

"Section 25. The Company will not during the term of this agreement employ any employee in the groups represented by the Union, to which this agreement applies, who is not, or who does not within one (1) month after his employment become and remain, a member in good standing of the Transport Workers' Union of America. All present employees of the groups to which this agreement applies who are not now members of the Transport Workers' Union of America shall become members within thirty (30) days of this agreement, and remain members in good standing."

This latter contract is before this court, and the prayer that it be held void as against public policy is contained in a supplemental petition filed in this court by leave of court.

It is urged by appellants, first, that there is no ground for equitable juris-diction, for the reason that the remedy at law is adequate.

This court is of the opinion that said contention is not well taken. The record discloses that the injury to plaintiff and those for whom he sues is a continuing injury, legal redress for which would involve a multiplicity of suits, and also that the remedy at law for damages is not a full, complete and adequate remedy immediately available to plaintiff and those for whom he sues. The avoidance of a multiplicity of suits and the inadequacy of the remedy at law furnishes the basis for equitable intervention, and we find those elements to be present in this case.

It is next urged that a third person, not a party to a contract, cannot test the validity of that contract.

In some cases such a rule has been applied, but where the operation of the contract results in injury to third persons and such injury is a continuing one, the person thus adversely affected may test the validity of the contract if it be claimed that the contract is void.

"1. The invalidity of a void contract may be asserted by any person whose interest may be affected by its provisions."

Atlanta Finance Co. v Southern Ry. Co., 84 S. E. 147.

It is next urged that the question before this court is a moot question—the 1937 contract having expired by its own terms and having been held to be void by the Court of Common Pleas.

The wrong of which the plaintiff complains occurred under a contract the provisions of which were held to be void by the Court of Common Pleas, and which, by the terms of the contract, has expired. The relationship between the transportation company and the union, however, has continued under terms substantially similar to the terms contained in the 1937 contract, which terms are incorporated in the 1938 contract. The injury to the plain-

tiff and those for whom he sues arose under the original contract, and being of a continuing nature subsists under the provisions of the 1938 contract. No abatement of that injury is shown, and the plaintiff and those for whom he sues are now kept out of their regular employment by virtue of the contractual relationship existing between the transportation company █ and the union. It is our opinion that under such circumstances the question presented is not moot.

Appellants next urge that the closed shop contract is not void but is specifically approved by the National Labor Relations Act.

The instant case is being tried under the laws of the state of Ohio, and in the opinion of this court the validity of the 1938 contract is to be determined in accordance with the pronouncement of the Court of Appeals of this state in the case of **Polk v Cleveland Railway Co., 20 Oh Ap 317**. The third paragraph of the syllabus of that case states the following:

"3. Contract between street railway company, operating all city street car lines, and employees' union to employ only union labor, and requiring employees not members of the union to join union within 60 days of be discharged, **held** illegal as against public policy."

This 1938 contract, tested by the pronouncement of the court █ in that case, is void as against public policy, and we so hold.

It is next urged that the Akron Transportation Co. is engaged in interstate commerce and is hence amenable to the provisions of the Wagner Act, known as the National Labor Relations Act. A stipulation supplementing the transcript of the evidence taken in the trial court sets out the evidence introduced by appellants in support of that contention. The evidence contained in this record shows that the transportation facilities furnished by Akron Transportation Co. are furnished entirely within the state of Ohio. In connection with its business, it services certain busses of the Penn-Ohio Coach Lines Co., which busses are engaged in the carrying of passengers in interstate transportation, and it is urged that, because certain of the material used by the transportation company is purchased outside of the state of Ohio, and because the transportation company services, at its barns here in Akron, the busses of said Penn-Ohio Coach Lines, it should be held to be engaged in interstate commerce.

The stipulation clearly discloses that the furnishing of said service to the Penn-Ohio Coach Lines Co is a mere incident to the conduct of the business of the Akron Transportation Co.; that said service could be as well rendered by several other garages in the city of Akron as by the transportation company. It is apparent that a strike by the employees of Akron Transportation Co. would in no way interfere with the operation of Penn-Ohio Coach Lines or interrupt the flow of interstate commerce.

We hold that there is no evidence in this case upon which the conclusion that the Akron Transportation Co. is engaged in interstate commerce could properly be based; that therefore the matter under consideration is not properly submissible to the National Labor Relations Board under the provisions of the Wagner Act, and that disposition of the controversy must be made in accordance with the laws of the state of Ohio.

A decree as follows may be entered: If the Akron Transportation Co. undertakes to reinstate appellee Scaggs and those for whom he sues in their employment with said company, then the appellant union, its officers and members, are enjoined from molesting or interfering with the appellee Akron Transportation Co. employing said persons; and said union, its officers and members, are also enjoined from molesting or interfering with appellee Scaggs and those for whom he sues in

their employment in the event of their reinstatement by the Akron Transportation Co.; and if said appellee and those for whom he sues are reinstated in their employment with said company, they shall be accorded the seniority rating to which the evidence shows they would have been entitled had they been continued in their employment, without interruption thereof by the suspension procured by the appellant union.

Decree accordingly.

WASHBURN, PJ., DOYLE, J., and STEVENS, J., concur.